# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**EDDIE JAMES MOULTRIE**

      **Plaintiff,**

**v.**                                **Case No.  3:26-cv-3328-TKW-HTC**

**JUSTIN CARR, et al.,**

      **Defendants.**

_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 5) and Plaintiff's objection (Doc. 7).[1]  The Court reviewed the issues raised in the objection de novo under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed under 28 U.S.C. §1915(g) because Plaintiff is a "three-striker," he has not shown that he is under imminent danger of serious physical injury, and he did not pay the filing fee when he initiated this case.

The Court did not overlook Plaintiff's argument that one of the cases relied on by the magistrate judge to find that he was a three-striker (the *Edwards* case) was

---

[1]  Plaintiff's motion for an extension of time to file the objection (Doc. 6) is supported by good cause and will be granted.

not a "strike."  That argument is meritless because that case was "brought" in federal court and it was dismissed for one of the reasons listed in §1915(g), i.e., "failure to state a claim on which relief can be granted."  The fact that the case was dismissed on that ground under Rule 12(b)(6), rather than at the pre-service screening stage, is immaterial to the determination of whether the case counts as a "strike" under §1915(g).[2]

Because the magistrate judge correctly determined that Plaintiff is a three-striker, the Court need not consider the magistrate judge's alternative determination that the case should be dismissed because Plaintiff's failed to accurately disclose his litigation history by not listing cases in response to Question VIII.A that were listed in response to other questions.  However, Plaintiff is now on notice (if he wasn't already) that he should list all cases that are responsive to each question in future complaints even if the case is listed in response to another question or referenced elsewhere in the complaint.  *See Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132 (11th Cir. 2012).

Accordingly, it is **ORDERED** that:

---

[2]  Plaintiff's reliance on *Hall v. Merola*, 67 F.4th 1282 (11th Cir. 2023), to support this argument is misplaced because that case had nothing to do with §1915(g).  The court's statement that "'bringing' an action means 'commencing it' not 'maintaining' it" was distinguishing between suits filed in federal court and suits filed in state court and removed by the defendants to federal court (with the former being "brought" in federal court and the latter only being "maintained" in federal court), not suits that did or did not survive pre-service screening.  *Id.* (citing *Maldonado v. Baker Cnty. Sheriff's Off.*, 23 F.4th 1299, 1304 (11th Cir. 2022)).

1.      The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2.      Plaintiff's motion for enlargement of time (Doc. 6) is GRANTED, and Plaintiff's objection (Doc. 7) is deemed timely filed.

3.      Plaintiff's motion to proceed in forma pauperis (Doc. 3) is DENIED, and this case is DISMISSED without prejudice under 28 U.S.C. §1915(g).

4.      Plaintiff's motion for leave to exceed page limitation (Doc. 2) is DENIED as moot.

5.      The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE AND ORDERED** this 8th day of May, 2026.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

Page 3 of 3